CENTRAL ILLINOIS LIGHT COMPANY *et al.*, Plaintiffs-Appellees, *v.* COMMERCE COMMISSION, Defendant-Appellant—(ALTON and SOUTHERN RAILROAD *et al.*, Defendants-Appellants.)

(No. 72-111; )

Third District—March 15, 1973.

William J. Scott, Attorney General, of Chicago, and Westervelt Johnson, Nicoll & Keller, of Peoria, (John Doeringer, of counsel,) for appellants.

C. V. O'Hern, of O'Hern, O'Hern & Wombacher, of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The Alton and Southern Railroad together with forty four other railroads (hereinafter referred to as railroads) sought approval of tariff schedule 259B by the Illinois Commerce Commission, the schedule representing a general increase in Illinois intrastate freight rates. Tariff schedule 259B superseded 259A the general increase in rates of from 3 to 7 percent included those previously authorized by the Commission in its approval of 259A on September 17, 1969. The objectors to the approval of 259B, four electric utility companies, (Central Illinois Light Co., Central Illinois Service Co., Illinois Power Co. and Electrical Energy Inc.) hereinafter referred to as intervenors, sought judicial review of the Commission's order approving tariff schedule 259B. The Circuit Court of Peoria County vacated the order of the Commission and remanded the cause for further proceedings. The railroads and Commission have appealed such judgment.

This is a companion case to another case involving the same parties (*Central Illinois Light Co. v. Commerce Com.*, *ante*, p. 370, in which we

reviewed and reversed the judgment of the Circuit Court of Peoria County regarding the order of the Commission approving tariff schedule 259A. In the earlier case as in the instant case the trial court vacated the order of the Commission and it was our holding in reversing the judgment of the trial court that the order of the Commission was proper.

In June, 1968, the Interstate Commerce Commission approved an interim general increase in interstate freight rates. The approval of a similar rate increase was sought with respect to intrastate rates in Illinois as represented by tariff schedule 259A reviewed in the earlier case previously referred to.

The Interstate Commerce Commission in January, 1969, granted approval of a permanent and increased general freight rate respecting interstate freight rates and approval of similar rates applicable to intrastate rates was sought by the railroads in its petition for approval of tariff schedule 259B. This latter schedule was approved by the Illinois Commerce Commission in June of 1970. The judgment of the Circuit Court of Peoria County vacating such order is the subject of this appeal.

This appeal raises substantially the same legal issues as were presented and reviewed in our earlier opinion. (*Central Ill. Light Co. v. Commerce Com., ante,* p. 370.) Again the controversy between the parties involves the probative value of the testimony of expert witnesses and exhibits, the sufficiency of such evidence to support the findings of the Commission and finally the sufficiency of the findings to support the result reached by the Commission in approving the general intrastate freight rate increases.

Although the testimony presented by the railroads and the intervenors was more extensive and in greater detail, the nature of the evidence presented by the railroads was similar to that presented in the former case. Financial data concerning systemwide operations of fourteen railroads doing most of Illinois' intrastate freight business was presented for the full years 1966, 1967 and 1968. This group of fourteen railroads is the same group referred to as fifteen railroads in the former case a merger having occurred between two of the railroads included in the group. In addition to analyzing such data in terms of changes in gross revenue, expenses and net revenue there were also comparisons of these factors in terms of ton miles. There was evidence of the financial operations of four of the group of fourteen railroads which showed a summary of freight revenue derived from Illinois business divided between interstate and intrastate operations. Expenses and Illinois rate base were allocated in proportion to revenues and projections were made based on the estimated effect of the increased revenues sought.

In addition to presenting testimony concerning freight rates for coal

and the profile of the coal transportation business as viewed by costs witnesses employed by the intervenors, the intervenors also presented the testimony of Gerald W. Fauth, Jr., an independent transportation cost consultant. Fauth, in his capacity as expert, criticized the method of accounting, allocation and interpretation of the witnesses testifying in behalf of the railroads and offered interpretations and opinions of his own including some figures extrapolated from findings of the Interstate Commerce Commission. His testimony is however not substantially inconsistent with the testimony offered by the railroads or with the findings of the Commission.

Without detailing either the evidence or the findings of the Commission we believe it is sufficient to say that the effect of the increases approved will only reduce the unreasonableness of the existing low rate of return and further that there was no expectation or intention that the increased freight rates will produce net rates of return approaching the cost of borrowed money. Accordingly what we have said in our earlier decision in Case Number 72-110 is equally applicable to the issues presented on this appeal and requires resolution of the issues in favor of the Commission's order.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and the order of the Illinois Commerce Commission is confirmed.

Judgment reversed.

DIXON and SCOTT, JJ., concur.